## MALVIN and others v. WERT, Assignee.[1]

*(Circuit Court, N. D. Texas. February, 1884.*

ASSIGNMENT TO CREDITORS.
An assignment for the benefit of all the creditors, without proof or suggestion of insolvency, where there is no attempt to prefer any creditor, but a decided attempt to hinder and delay them all, is unauthorized by law.

On Demurrer to Answer.

*Ray & Stanley* and *L. T. Smith,* for plaintiffs.

*Wright & Wright,* for defendant.

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

PARDEE, J. In this case, which is one of assignment for the benefit of all the creditors, there is no attempt to prefer any creditor, but a very decided attempt to hinder and delay them all. Without any suggestion of insolvency, or contemplation of insolvency, the assignor provides that his assignee shall dispose of the assigned goods, consisting of wares, liquors, and merchandise, in the customary course of trade, for 60 days, and then, if there is anything left undisposed of, the remaining goods shall be sold at public auction for cash, after advertising during the time provided by law for the sale of property seized under execution, and providing that during the delay of advertising the assignee shall continue the disposition of goods at private sale. The assignee is given no option. The course laid out in the assignment is the one he is bound to follow. The time required by law for advertising goods to be sold under execution is not less than 10 days. The assignment, then, without any suggestion of insolvency, compels the creditors to a forced stay of 70 days. If the assignor can compel a stay of 70 days, why not for 7 times 70 days? We find no authority in the law of 1879 for such provision. We are aware that assignments that make no preferences, but provide for an equal distribution among all the creditors, should be favored. "Equality is justice." It is with this view that we lay no stress on the objections urged against this assignment, that the deed does not show the maker's insolvency, nor assign in terms all the property that the debtor may have subject to the demands of his creditors. If the debtor has property concealed within the state, the law aids the assignment, and if the property can be found it passes to the assignee. See *Blum* v. *Welborne*, 58 Tex. 157. If the debtor has property beyond the state it can be reached by creditors who may so choose, just as well as if the assignment had not been made, for the assignment compels the discharge of no debt, nor the release of the debtor. But with this disposition to favor and sustain this assignment, we are unable to see our way clear to sanction the enforced stay of execution which hinders and delays all creditors, and, being unauthorized by law, consequently defrauds them all.

The demurrer is sustained.

McCORMICK, J., concurs.